UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| BRENDAN O TUAIRISG WATERS, | No. C 10-03193 LB |
| Plaintiff,<br>v. | **ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW** |
| E.P. ARCHITECTURAL BUILDERS, INC.<br>and DAVID POLENZA, | [ECF No. 16] |
| Defendants. | |

## I. INTRODUCTION

On December 22, 2010, defense counsel filed a Motion to Withdraw as Attorney of record in this matter on the basis that Defendants have failed to (1) sign the consent to joint representation, (2) cooperate with their attorneys, (3) sign the retainer agreement, and (4) tender payment of the reetainer fee. Motion to Withdraw, ECF No. 16 at 1-3. Following a hearing on February 3, 2011, the court finds good cause for withdrawal and **GRANTS** withdrawal on the condition that subsequent papers continue to be served on counsel for forwarding purposes until alternate counsel appears and/or the party appears *pro se*. *See* Civil L.R. 11-5(b).

## II. FACTS

Plaintiff's complaint names E.P. Architectural Builders and David Potenza as Defendants. Complaint, ECF No. 1 at 3, ¶ 5. Defense counsel has represented both defendants in past business transactions prior to this suit. Declaration of Christina Luini, ECF No. 18 at 1-2, ¶ 2. According to

defense counsel, Potenza is E.P. Architectural Builder's owner and has been her primary client contact on past matters. *Id.* at 2, ¶ 2. In this case, Potenza failed to and refused to communicate with counsel regarding the direction of the case. *Id*. at ¶ 3. Also, defense counsel repeatedly informed Potenza that in order for her to continue to represent them, both defendants would need to provide her with a retainer and consent to the joint representation of both E.P. Architectural Builders as a company and Potenza as an individual. *Id*. at ¶ 3. Neither defendant has signed the retainer fee agreement or the consent to joint representation. *Id*. Defense counsel has not been paid in the case to date. *Id*. at ¶ 4.

On December 15, 2010, defense counsel gave Defendants written notice by both e-mail and U.S. mail of her intent to move to withdraw as counsel if they did not return the joint representation agreement and pay the requested retainer fee by December 20, 2010. *Id.* at ¶ 6. The notice also advised Defendants of impending deadlines and scheduled hearings, and notified the corporate defendant that because it is a corporation, it must have counsel and cannot appear *pro se* in federal court. *Id*. Defense counsel did not receive a response from Defendants, even though she received confirmation from Potenza via e-mail that he received the copy of the engagement letter sent to his business address in San Francisco. *Id*. at ¶ 5-6. Defense counsel also informed Plaintiff's counsel on December 22, 2010 of her intention to move to withdraw. *Id*. at ¶ 8. Plaintiff did not oppose the motion. *See* Motion to Withdraw, ECF No. 16 at 3. On December 30, 2010, the court granted the parties' stipulation to stay all proceedings in this action pending resolution of the motion to withdraw. *See* 12/30/10 Order, ECF No. 21.

**III. DISCUSSION**

Pursuant to local rules, counsel may withdraw from an action only with permission from the court and after providing all parties with written notice reasonably in advance. Civil L.R. 11-5(a). The local rules further provide that if the client does not consent to the withdrawal and no substitution of counsel is filed, the motion to withdraw shall be granted on the condition that all papers from the court and from the opposing party shall continue to be served on that party's current counsel for forwarding purposes until the client appears by other counsel or *pro se* if the client is not a corporate defendant. Civil L.R. 11-5(b).

ORDER (C 10-03193 LB)                              2

Withdrawal is governed by the California Rules of Professional Conduct. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Circ. 2008) (applying California Rules of Professional Conduct to attorney withdrawal); *j2 Global Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254 PHJ, 2009 WL 464768, at *1 (N.D.Cal. Feb. 24, 2009) (citation omitted). California Rule of Professional Conduct 3-700(C) sets forth several grounds under which an attorney may request permission to withdraw, including if the client breaches an agreement or obligation to its counsel as to expenses or fees. Cal. Rules of Prof'l Conduct R. 3-700(C)(1)(f); *j2 Global Commc'ns, Inc.*, 2009 WL 464768 at *2 (holding withdrawal is proper where client failed to pay an unspecified amount of attorney's fee and client refused to communicate with its attorney despite attorney's multiple attempts to contact him).

An attorney may also request withdrawal on the basis of "other conduct [that] renders it unreasonably difficult for the member to carry out the employment effectively," such as a client's failure to communicate with its attorney. Cal. Rules of Prof'l Conduct R. 3-700(C)(1)(d); *j2 Global Commc'ns, Inc.*, 2009 WL 464768 at *2. The decision to grant or deny a motion to withdraw is discretionary with the court, and the court can use "its discretion to deny an attorney's request to withdraw where such withdrawal would work an injustice or cause undue delay in the proceeding." *Gong v. City of Alameda*, No. C 03-05495 TEH, 2008 WL 160964, at *1 (N.D.Cal. Jan. 8, 2008) *(citing Mandel v. Superior Court*, 67 Cal. App. 3d 1, 4 (1977)) (holding there was no prejudice or undue delay to client where counsel provided sufficient notice of its intent to withdraw and where no trial date had yet been set in the case).

There is good cause to grant defense counsel's motion to withdraw because Defendants have failed to communicate with counsel about the direction of the case. Declaration of Luini, ECF No. 18 at 2, ¶ 3. Defendants have also refused to pay their counsel's retainer fee after repeated requests and a warning that failure to do so would result in the attorney's filing a motion to withdraw. *See j2 Global Commc'ns, Inc.*, 2009 WL 464768 at *1. Moreover, Defendants have ignored counsel's repeated requests to sign the retainer fee agreement and the consent authorizing joint representation of E.P. Architectural Builders, Inc. and its owner Defendant David Potenza, individually. Declaration of Luini, ECF No. 18 at 2, ¶ 3. (Counsel clarified at argument that Defendants consented to this court's jurisdiction, as the signed consents in the record demonstrate.)

1  Furthermore, counsel provided Defendants formal written notice via e-mail and mail of counsel's
2  motion to withdraw and Defendants did not respond. *Id.* at ¶6. Finally, there is no showing that
3  defense counsel's withdrawal will cause an injustice because, at this juncture, the case is in its early
4  stages and a trial date has not yet been set. Also, Plaintiff does not oppose the motion.

Accordingly, this court **GRANTS** defense counsel's motion to withdraw. However, because Defendants have not consented to the withdrawal and no substitution of counsel has been filed on behalf of E.P. Architectural Builders, the motion is granted on the condition that all papers from the court and from Plaintiff shall continue to be served on Defendants' current counsel for forwarding purposes until a substitution of counsel is filed as provided by Civil Local Rule 11-5(b). Because corporations may not appear in federal court except by counsel, E.P. Architectural Builders has 30 days to find substitute counsel. Potenza may appear *pro se* if he so chooses. In either event, both E.P. Architectural Builders and Potenza shall file substitutions of counsel no later than March 9, 2011. If they have not filed substitutions of counsel by that date, Plaintiff shall move for entry of default by March 23, 2011.

**IT IS SO ORDERED**.

Dated: February 7, 2011

LAUREL BEELER
United States Magistrate Judge